UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

  -  against -

DERRICK SANDERS,

                Defendant.
-------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 0 2 2009 ★

**BROOKLYN OFFICE**

Docket No.  08-CR-0137 (BMC)

SEE ENDORSEMENT ON LAST PAGE

## DEFENDANT'S MOTION TO STAY SENTENCE AND COURT IMPOSED TERM OF SUPERVISED RELEASE PENDING THE DISPOSITION OF DEFENDANT'S MOTION TO VACATE THE PLEA OF GUILTY AND THE JUDGMENT OF CONVICTION

**Now comes** the defendant, Derrick Sanders, having moved this Court for an order vacating both his guilty plea and the judgment of conviction, now moves for an Order staying the execution of his sentence. More specifically, the undersigned was sentenced to a term of 7 months imprisonment to be followed by two years of supervised release – the first seven months of which is to be served on home confinement. The defendant has completed the imprisonment component of the sentence, and is currently on home confinement. He now moves to stay the supervision and home confinement portion of the sentence, and for the reasons that follow, the Court should grant this application.

        **1)** The defendant, by way of a recently submitted motion under 28 U.S.C. §2255 moved to vacate the judgment of conviction and guilty plea in this case. That motion has not yet been fully processed by the Court, despite the passage of two weeks since the motion was forwarded to the court.

-2-

2) The defendant's Section 2255 motion is based substantially on the undeniable fact that the Court, the Government, and defense counsel erroneously represented to him what the maximum sentencing exposure was in this case. Further, the motion is based on counsel's misrepresentations as to the maximum applicable term of imprisonment if the defendant had been convicted after a jury trial.   In short, the defendant contends that his guilty plea was unknowing, involuntary and a wholly unintelligent choice among the alternative courses of action. All, we should add, the product of ineffective assistance of counsel.

3) Given the record of clear and plain error resulting in the involuntary, and hence unconstitutional, guilty plea the Court should grant the defendant the preliminary relief sought hereby – i.e., an Order staying his term of supervised release and/or the period of home confinement associated therewith.

### CONCLUSION

WHEREFORE, for the reasons stated the undersigned defendant respectfully requests that the Court stay the supervised release term and the home confinement component thereof, in the interest of justice, pending the final disposition of the Section 2255 Motion.

-3-

Dated: Brooklyn, New York
       November 30, 2009

Motion DENIED as moot in light of this Court's
[4] Memorandum Decision and Order dated 12/8/09.

SO ORDERED.     12/1/09       C/M
/Signed by Judge Briam M. Cogan/
             U.S.D.J.

Respectfully submitted,

DERRICK SANDERS
49 Crown Street, Apt 18E
Brooklyn, New York 11225