**DERRICK SANDERS**
**49 CROWN STREET, APT# 18E**
**BROOKLYN, NEW YORK 112225**

DOCKET & FILE

HON. Brian M. Cogan
RECEIVED
DEC 17 2009

see endorsed Order next page.

December 9, 2009

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Derrick Sanders v. United States,***
***Docket No. 09 Civ. 5265 (BMC)***

Dear Judge Cogan:

The undersigned petitioner respectfully submits this application for reconsideration of the Court's December 8, 2009 Order denying his motion to vacate the judgment of conviction and sentence in the related criminal matter {08-CR-137 (BMC)}, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and for any other relief that the Court deems just and proper.

On November 10, 2009, the undersigned moved this Court to vacate the judgment of conviction and sentence on the grounds that he was denied effective assistance of counsel, among other things, rendering the judgment void as violative of the due process clause. More specifically, the undersigned submitted that, *inter alia*, former counsel advised that **"*if petitioner were convicted after a trial he would likely receive a sentence of LIFE imprisonment because of his prior criminal history.*"** See, Motion at Page 3 *{Statement of Facts}*. Petitioner submitted that this advice was incorrect, and resulted, in part, in his decision to enter a plea of guilty. But for that advice, petitioner would not have entered a plea of guilty, as set forth in the original moving papers.

On December 4, 2009, the Court issued a show cause order, having reviewed the motion and determined that it could not be decided absent a response from the Government. *However*, without awaiting a response from the Government, the Court simply denied the motion four days later, ***and failed to address in total the allegations of ineffective assistance of counsel.*** Since the Court did not address the specific claim of ineffective assistance of counsel noted above, and presented by the original motion, the Court's disposition of this matter was wholly inappropriate and merits reconsideration. If and until the Court addresses counsel's incorrect

advice concerning the sentencing exposure after a trial, this matter should, petitioner's application should not be denied, and the sentence should be *stayed pending the final and appropriate disposition of this matter.*

Clearly, petitioner would not have entered a plea of guilty had he known that there was no chance he could receive a life sentence after a trial. Counsel's advice, coupled with the Court's failure to adhere to the letter of Rule 11 by advising him {with certainty} of the penalty applicable to his offense, rendered his guilty plea involuntary.

Accordingly, for the many reasons stated, the Court should promptly reconsider its December 8, 2009 Order, and restore this matter to the calendar, directing the Government to adhere to the December 4, 2009, Show Cause Order, in the interest of justice and to prevent a complete miscarriage thereof.

Wherefore, petitioner respectfully requests that the Court grant this motion, in its entirety.

Respectfully submitted,

_____
**Derrick Sanders**

Motion denied. As explained in this Court's prior decision, at the time of petitioner's guilty plea, there WAS a chance he would face a term of 15 years to life in prison, so neither counsel nor the Magistrate Judge misadvised him by telling him that. It was only after he pled guilty that the Second Circuit determined that his prior crime did not qualify for a 15 year to life sentence. Because, by petitioner's own description, counsel advised him precisely in accordance with his exposure at the time he pled guilty, there could be no ineffective assistance of counsel.
SO ORDERED: 1/4/10

/Signed by Judge Brian M. Cogan/

_____
U.S.D.J.